# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOLLAR & GREENE PRODUCE CO., INC., a North Carolina corporation, and WIERS FARM, INC., an Ohio corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNBELT PRODUCE DISTRIBUTORS, INC., BERNARD CHAPMAN SYME, CATHERINE SYME and KARIN SHERMAN, individually,<br><br>Defendants. | Case No. |

## COMPLAINT

Plaintiffs Hollar & Greene Produce Co., Inc. and Wiers Farm, Inc. file this Complaint against Defendants to recover damages for breach of contract and to enforce their rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t, the PACA trust provisions, 7 U.S.C. §499e(c), federal common law, and state law against the Defendants: Sunbelt Produce Distributors, Inc.; Bernard Chapman Syme; Catherine Syme; and Karin Sherman.

## THE PARTIES

1. Plaintiffs are:

    a) Hollar & Greene Produce Co., Inc. ("Hollar & Greene"), a North Carolina corporation with its principal business address of 230 Cabbage Row, Boone, North Carolina 28607; and

    b) Wiers Farm, Inc. ("Wiers"), an Ohio corporation with a principal business address of 4465 State Road 103 South, Willard, Ohio 44890.

2. Defendants are:

    a) Sunbelt Produce Distributors, Inc. ("Sunbelt"), a corporation organized under the laws of the State of Georgia with a principal business address of 16 Forest Parkway, Building A, Forest Park, Georgia 30297. Sunbelt was administratively dissolved on September 8, 2023, but has continued to operate and to conduct its core business operations after that date;

    b) Bernard Chapman Syme ("Chapman"), an individual who, upon information and belief, resides in this district;

    c) Catherine Syme ("Catherine"), an individual who, upon information and belief, resides in this district; and

      d)      Karin Sherman ("Karin"), an individual who, upon information and belief, resides in this district.

## JURISDICTION

3. This Court has jurisdiction to hear Plaintiffs' claims under 28 U.S.C. §1331, because the claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4. Supplemental jurisdiction to hear all other claims alleged in this Complaint is conferred on the Court under 28 U.S.C. §1367(a).

## VENUE

5. A substantial part of the events and omissions underlying this lawsuit occurred in this district, and the property that is the subject of this action is located here. Venue in this district is therefore proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

6. Plaintiffs entered into contracts to sell in interstate commerce to Sunbelt perishable agricultural commodities—commonly referred to as "produce"— and for Sunbelt to pay Plaintiffs the collective amount of $410,452.00 (the "Commodities"), calculated as follows:

| Party | Date Range | Amount |
|---|---|---|
| Hollar & Greene | April 10, 2023 – September 18, 2023 | $264,304.00 |
| Wiers | August 14, 2023 – September 26, 2023 | $146,148.00 |

7. The Commodities sold by Plaintiffs to Sunbelt were the types of produce typically sold in interstate commerce.

8. Sunbelt accepted the Commodities without objections.

9. Plaintiffs issued and sent invoices to Sunbelt reflecting the kinds of produce and agreed amounts owed by Sunbelt. *See* **Exhibits "A"** and **"B."**

10. Hollar & Greene's invoices included additional terms for Sunbelt to pay all "costs of enforcement, including all attorney's fees, together with any costs and expenses, as additional sums owed in connection with this transaction." *See* Exhibit "A."

11. Sunbelt never denied receiving the Commodities or Plaintiffs' invoices, nor did it object to the additional terms on the invoices.

12. Sunbelt failed to pay for the Commodities despite Plaintiffs' repeated demands.

## CLAIMS FOR RELIEF

## COUNT I:  SUNBELT

## BREACH OF CONTRACT

13. Plaintiffs re-allege ¶¶1 – 12.

14. Plaintiffs entered into contracts with Sunbelt for the purchase and sale, in interstate commerce, of the Commodities. *See* ¶6.

15. Sunbelt breached those contracts by failing to pay for the Commodities it purchased from Plaintiffs.

16. Plaintiffs fully performed all conditions precedent to the agreed contracts.

17. Plaintiffs have incurred damages resulting from Sunbelt's breach of the contracts in the amount of at least $410,452.00, plus their incurred attorneys' fees and costs, and interest from the date each invoice became past due.

18. Plaintiffs are entitled to a judgment in their favor against Sunbelt in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per month from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16.

## COUNT II:  AGAINST ALL DEFENDANTS

## DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U. S.C. §499e(c)*

19. Plaintiffs re-allege ¶¶1 – 12.

20. During the transactions described in ¶6, each party was engaged in the business of buying and selling produce in interstate commerce, and each was licensed by the United States Department of Agriculture ("USDA") as follows:

    a. Hollar & Greene held and continues to hold valid PACA license number 19751540;

    b.    Wiers held and continues to hold valid PACA license number 19831309; and

    c.    Sunbelt held and continues to hold valid PACA license number 19891129.

21.    When Sunbelt received and accepted the Commodities from Plaintiffs, it became a trustee of the PACA trust for their benefit in the amount of $410,452.00.

22.    As holders of valid PACA licenses, Plaintiffs preserved their rights as PACA trust beneficiaries of Sunbelt by including the required statutory statement on the face of their invoices and timely sending them to Sunbelt, as contemplated under 7 U.S.C. §499e(c)(4).  *See* Exhibits "A" and "B."

23.    Sunbelt failed to pay for the Commodities within the terms, or at all.

24.    Plaintiffs are unpaid suppliers and sellers of produce, and are entitled to PACA trust protection and payment from Sunbelt's assets subject to the PACA trust. *See*, 7 U.S.C. §499e(c).

25.    Plaintiffs are entitled to entry of an Order declaring that they hold valid PACA trust claims in the amount of at least $410,452.00 against Sunbelt, and their valid PACA trust claims include attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per month from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16.

## COUNT III: AGAINST SUNBELT

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)

26.    Plaintiffs re-allege ¶¶1 – 12, 19 – 25.

27.    Assets subject to the PACA trust include Sunbelt's inventories of produce, products derived from produce, proceeds from the sale of produce or products and accounts receivable ("proceeds"), and assets commingled, purchased, or otherwise acquired with proceeds (collectively, "PACA Trust Assets").

28.    Sunbelt possess and controls PACA Trust Assets belonging to Plaintiffs.

29.    Sunbelt must hold the PACA Trust Assets for Plaintiffs' benefit.

30.    Plaintiffs have suffered damages in the amount of at least $410,452.00 from Sunbelt's failure to use the PACA Trust Assets to pay for the Commodities, plus their incurred attorneys' fees and costs, and interest from the date each invoice became past due.

31.    Plaintiffs are entitled to an Order directing Sunbelt to immediately pay them, as its PACA trust beneficiaries, PACA Trust Assets in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per month from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16.

## COUNT IV: AGAINST SUNBELT

## FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
## 7 U.S.C. §499b(4)

32. Plaintiffs re-allege ¶¶1 – 12, 19 – 31.

33. Sunbelt received and accepted the Commodities.

34. PACA requires Sunbelt, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Plaintiffs and any other unpaid sellers and suppliers of produce who possess valid PACA trust claims, until all have been paid in full.

35. Sunbelt failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including the claims of Plaintiffs asserted in this Complaint.

36. Plaintiffs have suffered damages in the amount of at least $410,452.00 from Sunbelt's failure to maintain and protect the PACA Trust Assets from dissipation, plus their incurred attorneys' fees and costs, and interest from the date each invoice became past due.

37. Plaintiffs seek creation of a common fund from which all PACA trust beneficiaries may be paid by this Court entering an Order:

(a) Directing Sunbelt to maintain PACA Trust Assets in the amount of at least $410,452.00, plus the claims of all other unpaid sellers and suppliers of produce that properly preserved their PACA trust claims;

(b) Directing Sunbelt to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

(c) Enjoining Sunbelt from dissipating PACA Trust Assets.

## COUNT V:  AGAINST SUNBELT

### FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

38. Plaintiffs re-allege ¶¶1 – 18.

39. As a produce dealer and PACA licensee, Sunbelt must tender full payment promptly to its sellers and suppliers of produce. *See* Code of Federal Regulations, 7 C.F.R. §46.2(aa).

40. Sunbelt failed to pay Plaintiffs for the Commodities within the parties agreed terms, or at all.

41. Plaintiffs have suffered damages in the amount of at least $410,452.00 from Sunbelt's failure to pay promptly, plus their incurred attorneys' fees and costs, and interest from the date each invoice became past due.

42. Plaintiffs are entitled to an Order directing Sunbelt to immediately pay them PACA Trust Assets in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per month from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16.

## COUNT VI:  AGAINST THE INDIVIDUAL DEFENDANTS

## <u>BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES</u>

43. Plaintiffs re-allege ¶¶1 – 12, 19 – 37.

44. During the transactions described in ¶6, Chapman, Catherine, and Karin (the "Individual Defendants") were officers, members, directors, shareholders, principals, or employees of Sunbelt.

45. Catherine was and is Sunbelt's Chief Executive Officer, Chief Financial Officer, and Secretary. *See* Sunbelt's Amended Annual Registration, **Exhibit "C."**

46. Chapman and Karin were and are listed as the "reported principals" on Sunbelt's PACA license. *See* **Exhibit "D."**

47. In their respective capacities, the Individual Defendants controlled, or were in positions to control, Sunbelt's PACA Trust Assets.

48. The Individual Defendants each had full knowledge and responsibility for Sunbelt's operations and financial dealings.

49. The Individual Defendants each had a duty to ensure that Sunbelt fulfill its duties as trustee of the PACA trust.

50. The Individual Defendants each had a duty to ensure that Sunbelt maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

51. Sunbelt breached its fiduciary duty as the PACA trustee by failing to maintain sufficient PACA Trust Assets.

52. The Individual Defendants breached their respective fiduciary duties by failing to ensure that Sunbelt fulfill its duties as the PACA trustee.

53. Plaintiffs have suffered damages in the amount of at least $410,452.00 from the Individual Defendants' breaches of their fiduciary duties, plus their incurred attorneys' fees and costs, and interest from the date each invoice became past due.

54. Plaintiffs are entitled to entry of a judgment in their favor against the Individual Defendants—jointly and severally—in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per month from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16, less any monies Plaintiffs receive from the PACA Trust Assets.

### COUNT VII:  AGAINST THE INDIVIDUAL DEFENDANTS
### UNLAWFUL RETENTION OF PACA TRUST ASSETS

55. Plaintiffs re-allege ¶¶1 – 12, 19 – 54.

56. Upon information and belief, Sunbelt transferred PACA Trust Assets to the Individual Defendants.

57. Transferring PACA Trust Assets to the Individual Defendants breached Sunbelt's PACA trust duties, as those assets lawfully belong to Plaintiffs and similarly situated PACA trust beneficiaries of Sunbelt.

58. When they received the PACA Trust Assets, the Individual Defendants knew, or should have known, that Sunbelt breached its fiduciary duties to maintain sufficient PACA Trust Assets to satisfy Plaintiffs' PACA trust claims.

59. Plaintiffs have suffered damages in an amount totaling the value of the PACA Trust Assets that each of the Individual Defendants received and unlawfully retained, less any PACA Trust Assets Plaintiffs recover directly from Sunbelt.

60. Plaintiffs are entitled to an Order:

(i) Directing the Individual Defendants to hold any PACA Trust Assets in their respective possessions or control in constructive trust for Plaintiffs' benefit;

(ii) Directing the Individual Defendants to pay Plaintiffs an amount totaling all of the PACA Trust Assets they received and unlawfully retained; and

(iii) Entering Judgment in their favor against the Individual Defendants in an amount totaling all of the PACA Trust Assets they received and unlawfully retained to the extent of at least $410,452.00, plus interest

pursuant to O.C.G.A § 7-4-16, attorneys' fees and costs, less any PACA Trust Assets they recover from Sunbelt.

## COUNT VIII:  AGAINST DEFENDANTS

## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

61. Plaintiffs re-allege ¶¶1 – 60.

62. As described in ¶10, Hollar & Greene's invoices included additional terms for Sunbelt to pay all "costs of enforcement, including all attorney's fees, together with any costs and expenses, as additional sums owed in connection with this transaction." *See* Exhibit "A."

63. As a result of Sunbelt's failure to pay for the Commodities as required by contract, by PACA, 7 U.S.C. §499(b)(4), and by the Code of Federal Regulations, 7 C.F.R. §46.2(aa), Hollar & Greene has been forced to incur attorneys' fees and costs in this action to compel payment of their PACA trust claims.

64. Pursuant to O.C.G.A. § 13-1-11, Hollar & Greene provides notice to Defendants that it intends to enforce the invoice provisions relative to payment of attorneys' fees in addition to the principal and interest owed.

65. Defendants have ten days from receipt of this notice to pay the principal and interest without the attorneys' fees. If they pay the principal and interest amounts in full before the expiration of this time, Defendants have no obligation to pay the

incurred attorneys' fees and costs, and no court shall enforce the agreement to pay the attorneys' fees and costs.

66. Should Defendants fail to pay the principal and interest amounts in accordance with this notice, then pursuant to O.C.G.A. § 13-1-11(a)(2), Hollar & Greene is entitled to entry of a judgment in its favor against Defendants that includes its incurred attorneys' fees and costs.

FOR THESE REASONS, Plaintiffs respectfully request:

A. On Count I, entry of Final Judgment in their favor against Sunbelt in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16;

B. On Count II, an Order declaring that they hold valid PACA trust claims in the amount of at least $410,452.00 against Sunbelt, and their valid PACA trust claims include attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16;

C. On Count III, an Order directing Sunbelt to immediately pay them, as its PACA trust beneficiaries, PACA Trust Assets in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection

with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16;

    D.    On Count IV, creation of a common fund from which all PACA trust beneficiaries may be paid by the Court entering an Order directing Sunbelt to maintain PACA Trust Assets in the amount of at least $410,452.00, plus the claims of all other unpaid sellers and suppliers of produce that properly preserved their PACA trust claims, directing Sunbelt to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Sunbelt from dissipating PACA Trust Assets;

    E.    On Count V, an Order directing Sunbelt to immediately pay PACA Trust Assets in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16;

    F.    On Counts III through V, entry of Final Judgment in their favor against Sunbelt in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16;

G. On Count VI, entry of a Final Judgment in their favor against the Individual Defendants—jointly and severally—in the amount of at least $410,452.00, plus attorneys' fees and costs as additional sums owing in connection with the transactions, and interest at the rate of 1½% per annum from the date each invoice became past due, pursuant to O.C.G.A. § 7-4-16, less any monies Plaintiffs receive from the PACA Trust Assets;

H. On Count VII, an Order directing the Individual Defendants to hold any PACA Trust Assets in their respective possessions or control in constructive trust for Plaintiffs' benefit, and pay Plaintiffs an amount totaling all of the PACA Trust Assets they received and unlawfully retained, and entering Judgment in their favor against the Individual Defendants in an amount totaling all of the PACA Trust Assets they received and unlawfully retained to the extent of at least $410,452.00, plus interest pursuant to O.C.G.A. § 7-4-16, attorneys' fees, and costs, less any PACA Trust Assets they recover from Sunbelt;

I. On Count VIII, entering a judgment that includes, in favor of Hollar & Greene against Defendants, its incurred attorneys' fees and costs, pursuant to O.C.G.A. § 13-1-11(a)(2); and

J. Providing all other relief this Court deems appropriate upon consideration of this matter.

Respectfully submitted this 29th day of November, 2023.

                **THE MAXIM LAW FIRM, P.C.**

        By:  s/Kevin A. Maxim
            Kevin A. Maxim
            Georgia Bar No. 478580
            1718 Peachtree Street N.W., Suite 599
            Atlanta, GA  30309
            Telephone: 404.924.4272
            Facsimile:  404.924.4273
            kmaxim@maximlawfirm.com

            *Attorneys for Plaintiffs Hollar & Greene Produce Co., Inc. and Wiers Farm, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that we have prepared the Complaint using Times New Roman 14 pt. font in compliance with the requirements set forth in N.D. Ga. L.R. 5.1(C).

            By: s/Kevin A. Maxim
                Kevin A. Maxim